Brewer-FL v. I.J. Saxon et al 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-125-CV

     FREDDIE LOUIS BREWER,
                                                                                              Appellant
     v.

     I. J. SAXON, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 28,859
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Brewer from an order of the trial court dismissing with
prejudice all health care liability claims of Appellant against Appellees Hoerster and Dossey.
      Appellant, a prison inmate, brought suit pro se informa pauperis against Saxon, Hoelscher-Kosel, Hoerster and Dossey. The trial court dismissed the action and Appellant appeals the
dismissal only as to Appellees Hoerster and Dossey.
      Appellee Hoerster is a Psychiatrist M.D. and Appellee Dossey is an RN, both employed by
the Hughes Unit of the Texas Department of Criminal Justice. Appellant alleged that Hoerster and
Dossey provided inadequate medical treatment for him and sought damages under the Texas
Medical Liability and Insurance Improvement Act, RCS Art. 4590i. The trial court dismissed
Appellant's action.
      Appellant appeals on one point of error: "The trial court below erred by dismissing all health
care liability claims against Appellees Hoerster and Dossey as sanction."
      Appellant's claim is a cause of action under the Texas Medical Liability and Insurance
Improvement Act, RCS 4590i. Such Act contains provisions in subchapter M which must be
followed in order to assert a claim against a physician or other health care provider.
      Subsection 13.01(d) provides:
Not later than the later of the 180th day after the date on which a health care liability claim
is filed . . . the claimant shall, for each physician or health care provider against whom a
claim is asserted:
 
(1) furnish to counsel for each physician or health care provider, one or more expert
reports, with a curriculum vitae of each expert listed in the report; or
 
(2) voluntarily nonsuit the action against the physician or health care provider.

      If a plaintiff-claimant fails to comply with subsection 13.01(d), then subsection (e) takes effect
and provides in (3) that the court shall dismiss the action of the claimant with prejudice as to the
claim's refiling.
      Here, Appellant failed to comply with the above statute by failing to provide an expert report
within 180 days of the filing of his malpractice claim.
      The trial court correctly dismissed Appellant's health care liability claim against Appellees.       Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed November 27, 1996
Do not publish